# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| TERESA CASTO, | ) | |
| | ) | Case No. 1:19-cv-162 |
| *Plaintiff*, | ) | |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge Steger |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, and UNUM GROUP CORP., | ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Amend Interlocutory Order to Include Certifying Statement Prescribed by 28 U.S.C. §1292(b) [Doc. 40]. Defendants Unum Life Insurance Company and Unum Group Corporation (collectively "Unum") responded. [Doc. 41]. Plaintiff Teresa Casto has not replied, and the time do so has passed. E.D. Tenn. L. R. 7.1.

Section 1292(b) allows a district court to certify an interlocutory appeal to a court of appeals. 28 U.S.C. § 1292(b). For an issue to be certified the Court must find that the issue involves: (1) a controlling question of law; (2) where there is "substantial ground for difference of opinion;" and (3) an immediate appeal would "materially advance the ultimate termination of litigation." 28 U.S.C. § 1292(b); *See also In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). Certification is rare; it is granted only in "exceptional cases." *City of Memphis*, 293 F.3d at 350.

Casto asks this Court to certify an appeal to determine if the disability plan at issue in this case is a "church plan" pursuant to 29 U.S.C. § 1003(b)(2). Chief Judge McDonough denied Casto's motion to remand by holding that the plan at issue was not a church plan, and thus it was

an Employee Retirement and Income Security Act ("ERISA") plan. [Doc. 38]. If the plan is an ERISA plan, this Court has subject-matter jurisdiction. If it is not, the Court lacks subject-matter jurisdiction. [Doc. 38 at 3]. Thus, the issue is a controlling question of law in this case.

On this issue, however, there is not "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The Sixth Circuit has defined "substantial ground for difference of opinion . . . regarding the correctness of a decision to mean when (1) the question is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question." *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013). Casto does not argue that any of these indicia exist. [Doc. 40 at 3–7]. Instead, she argues that the Court erred in its reading of the statute. [*Id.*] The Court will examine if any of these indicia for finding a substantial ground for difference of opinion exist.

First, this question is not difficult or novel for which there is little precedent. The Court's reading is guided by *Advocate Health Care Network v. Stapleton*, 137 S. Ct. 1652 (2017) and various other courts. *See*, *e.g.*, *Medina v. Catholic Health Initiatives*, 877 F.3d 1213, 1222 (10th Cir. 2017); *Boden v. St. Elizabeth Med. Ctr., Inc.*, 404 F. Supp. 3d 1076, 1082 (E.D. Ky. 2019); *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1035 (N.D. Cal. 2018). Second, while this question is an issue of first impression, it is not particularly difficult. The Court agrees with the prior decision of Chief Judge McDonough:

> The statute lays out in plain language that a "Church plan means a plan established and maintained . . . by a church," and that definition "includes a plan maintained by a [principal-purpose organization.]" 29 U.S.C. § 1002; *Stapleton*, 137 S. Ct. at 1656. There is no other addition to the definition of church plan that would expand it to all entities merely associated with a church.

[Doc. 38 at 3].

2

Case 1:19-cv-00162-CEA-CHS   Document 43   Filed 02/04/21   Page 2 of 4   PageID #: 3467

Furthermore, there is no disagreement within the controlling circuit about the proper definition of a church plan, and there is no circuit split about the proper definition. Chief Judge McDonough explained—and Casto does not contest—that the decisions of the Fourth and Eighth Circuits did not reach a conclusion about whether an entity associated with a church also has to be a principal-purpose organization. [Doc. 38 at 5–6 & n.6] (discussing *Lown v. Cont'l Cas. Co.*, 238 F.3d 543 (4th Cir. 2001) and *Chronister v. Baptist Health*, 442 F.3d 648 (8th Cir. 2006)). Thus, Casto cannot identify any of the traditional indicia of when there is "substantial ground for difference of opinion." *See Miedzianowski*, 735 F.3d at 384.

Instead, Casto attempts to fulfill this factor with statements from the legislative history of the church-plan amendment, one district court that reached an opposite conclusion, and interpretations from the United States Department of Labor. [Doc. 40 at 4–5]. But the legislative history excerpts chosen shine little to no light on the proper interpretation of the statute, and they certainly shine no light on whether other legal authorities would disagree with Chief Judge McDonough's opinion. Next, the one district court that reached the opposite conclusion about the church plan exception since *Stapleton* did so in dicta, and it tethered its approach to pre-*Stapleton* case law. *Rogers v. Ascension Health Inc*, 3:17-cv-863, 2018 WL 7351692, at *2 (N.D. Fla. Apr. 23, 2018). And finally, the opinion letters from the Department of Labor explicitly endorse the reading adopted by Chief Judge McDonough. Before concluding that the plan at issue is a church plan, all the opinions cited by Casto note that the plans are run by principal-purpose organizations. Dep't of Labor Pension & Welfare Benefit Program, Opinion 95-13A (June 19, 1995), 1995 ERISA LEXIS 12, at *7 ("*Because the Committee's principal purpose or function is administration of plans for the provision of employee retirement benefits* and because the Committee is both controlled by and "associated with" the Church within the meaning of section 3(33)(C)(iv) of Title

I of ERISA, the Committee's administration of the Plan, by operation of section 3(33)(C)(i) of Title I of ERISA, also assures that the Church is deemed to maintain the Plan.") (emphasis added); Dep't of Labor Pension & Welfare Benefit Program, Opinion 94-04A (Feb. 17, 1994), 1994 ERISA LEXIS 4 at *12–13; Dep't of Labor Pension & Welfare Benefit Program, Opinion 90-12A (May 10, 1990), 1990 ERISA LEXIS 13 at *8.

Because there is no substantial ground for difference of opinion, the Court cannot certify this issue. Therefore, Plaintiff's Motion to Amend Interlocutory Order to Include Certifying Statement Prescribed by 28 U.S.C. §1292(b) [Doc. 40] is **DENIED**.

**SO ORDERED.**

>/s/ *Charles E. Atchley Jr.*_____
>**CHARLES E. ATCHLEY JR.**
>**UNITED STATES DISTRICT JUDGE**